**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



John P. Gustafson
United States Bankruptcy Judge

**Dated:  September 15 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-33099 |
| | ) | |
| Lisa Marie Burel, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3005 |
| | ) | |
| Patti Baumgartner-Novak, Trustee, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Shanee Burel, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

**ON MOTION FOR DEFAULT JUDGMENT**

This adversary proceeding is before the court on Plaintiff's "Amended Complaint to Avoid Fraudulent Transfers Pursuant to 11 U.S.C. Section 548 and for Recovery of Estate Property Pursuant to 11 U.S.C. Section 550" ("Complaint") [Doc. # 18].  Plaintiff is the Chapter 7 Trustee  in Case No. 13-

33099 pending in this court. The defendant is Shanee Burel, the daughter of the Debtor in the underlying Chapter 7 case.

On January 13, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc. # 5]. The summons required an answer or other response to the complaint to be filed by February 12, 2014, and scheduled a pretrial conference. On March 27, 2014, the court held the scheduled pre-trial conference. There was no appearance on behalf of Defendant and no answer or other response to Plaintiff's complaint had been served and filed by Defendant. The pre-trial conference was adjourned to May 8, 2014, and the court ordered that Plaintiff file an amended complaint. [Doc. # 9]. The amended complaint was filed on April 7, 2014 [Doc. # 11], and at the scheduled pretrial conference, there was again no appearance on behalf of Defendant, and no answer or other response to Plaintiff's complaint had been served and filed by Defendant. The hearing on May 8 was adjourned to June 27, 2014, and again the court ordered that Plaintiff file an amended complaint. The second amended Complaint was filed on May 19, 2014 [Doc. # 18]. At the hearing on June 27, there was no appearance on behalf of Defendant, and no answer or other response to Plaintiff's amended Complaint had been served and filed by Defendant. Accordingly, the court ordered that the Plaintiff file a motion for default judgment and that the clerk enter the default of Defendant. [Doc. # 20]. The Clerk entered Defendant's default on the amended Complaint [Doc. # 21] under Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055.

Plaintiff accordingly filed her motion for default judgment [Doc. # 24]. The court scheduled a hearing on the motion and notice of the hearing was also served on Defendant. [Doc. ## 25, 26]. On August 8, 2014, the court held a hearing on the Motion. Plaintiff appeared in person. There was no appearance on behalf of the Defendant. That hearing was adjourned to September 5, 2014, in order for proof of the amount prayed for to be provided to the court. [Doc. # 29]. On September 5, 2014, the court held its final hearing on the Motion. Plaintiff appeared in person. There was again no appearance on behalf of the Defendant and a review of the record shows no answer or other response to either the

2

Complaint or to the Motion has been filed by Defendant. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's motion for default judgment will be GRANTED.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtor's Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. This action is a core proceeding that this court may hear and determine because it involves avoidance and recovery of property of the Debtor arising from a pre-petition transfer to Defendant. 28 U.S.C. § 157(b)(2)(E).

The court finds that notice of this proceeding, including the service of the summons and complaint pursuant to Fed. R. Bankr. P. 7004, has validly and properly been served upon Defendant. The return on service of the summons and complaint [Doc. # 7] shows that they were timely served on Defendant by ordinary United States mail, postage prepaid, sent to Defendant at Defendant's home or usual place of abode. *See* Fed. R. Bankr. P. 7004(b)(1). In further support that service is valid and proper, no mailings by this court to Defendant have been returned as undeliverable. The court thus finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

The court finds that the well-pleaded factual allegations of the Complaint constitute a valid cause of action against Defendant under 11 U.S.C. § § 548 and 550. As a result of the default, the court deems all of the well-pleaded allegations of the Complaint as true. In the absence of evidence to the contrary and any affirmative defense, the court finds that Defendant received funds transferred to her from the Debtor, totaling $4,000.00, the entirety of that amount coming from Debtor's 2012 tax refund. Additionally, the court finds that Defendant is an insider as defined by 11 U.S.C. § 101(31), that the transfer of $4,000.00

3

was made within one year of the Debtor's bankruptcy filing, and that the Debtor received no reasonable consideration from the Defendant in exchange of the transfer. Finally, the court finds that the Debtor made the transfer to Defendant with the actual intent to hinder, delay or defraud her creditors, that at the time of the transfer, the Debtor was insolvent or became insolvent shortly thereafter, and that the Plaintiff is entitled to avoid the transfer pursuant to 11 U.S.C. § 548 and recover the $4,000.00 value of the property transferred pursuant to 11 U.S.C. § 550. As set forth in the Complaint [Doc. # 18] and in her affidavit [Doc. # 29], Plaintiff has properly pleaded grounds for avoiding the transfer and recovering from the Defendant the transferred property.

For good cause shown, based on the foregoing reasons and authorities,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 24] is hereby **GRANTED.** A separate final judgment against Defendant will be entered in accordance with this Memorandum of Decision and Order.

###

4